762 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
JOHN JONES, DEFENDANT-APPELLANT.
 NO. 84-5526
 United States Court of Appeals, Sixth Circuit.
 4/24/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 Before: MARTIN and JONES, Circuit Judges; and HOLSCHUH, District Judge.*
 PER CURIAM.
 
 
 1
 John Jones was convicted on a one-count indictment that charged him with interfering with two federal agents, in violation of 18 U.S.C. Sec. 111. The jury found Jones guilty, and the court imposed a fine of five thousand dollars and sentenced Jones to one year and one day in prison. Jones appeals, arguing that the evidence is insufficient to sustain the conviction. We affirm.
 
 
 2
 The evidence showed that Jones assaulted Roger Dingess, an acquaintance of Jones and an inspector for the Mine Safety and Health Administration, when Dingess and another inspector, Charles Blume, came to inspect Jones' mine. Jones and Dingess got into a shouting match; they raised their fists to fight; and then Jones drew a pistol. The arguing subsided, and Dingess left the mine site. Charles Blume had been present during these events, but he did nothing more than say, '. . . now boys, now boys, don't, there is no sense in doing this.' After Dingess left, Blume and Jones chatted for a while and Jones invited Blume to go ahead and inspect the mine. At trial, however, Blume testified that he was impeded by Jones' treatment of Dingess.
 
 
 3
 The Code provides a ten-year maximum penalty for any person who, using a dangerous weapon, 'forcibly assaults, resists, opposes, impedes, intimidates, or interferes with [a federal official] while engaged in or on account of the performance of his official duties.' 18 U.S.C. Sec. 111. The one-count indictment charged Jones with 'assaulting, resisting, impeding, etc.' Dingess and Blume. Because all elements of the crime would have been satisfied if Jones had impeded only one official, the verdict could stand if there is sufficient proof that Jones assaulted only Dingess. See Turner v. United States, 396 U.S. 398, 420-21 (1970).
 
 
 4
 Jones argues, however, that there must be sufficient evidence that he impeded Blume because Jones offered evidence that Dingess was not acting within the scope of his duties, as required for conviction under 18 U.S.C. Sec. 111. Jones urges that the jury may have believed that Dingess was not acting within the scope of his employment and convicted Jones solely on the basis of his impeding Blume.
 
 
 5
 Even if we were to accept Jones' theory about the basis for the jury's verdict, we would uphold the verdict because there is sufficient evidence that Jones impeded Blume. The uncontradicted evidence establishes that Blume was present when Jones pointed a pistol at Dingess. Additionally, Blume testified that he, like any person under the circumstances, was intimidated and impeded by Jones' actions. Jones points to no evidence in the record to establish a contrary conclusion.
 
 
 6
 Jones does cite Ladner v. United States, 358 U.S. 169 (1958). In Ladner, the Court held that one act of intimidation could not be the basis for conviction on as many counts as there are officers intimidated. Id. at 177. The Court did not hold, as Jones apparently contends, that an act of intimidation that interferes with several officers cannot result in conviction under a single-count indictment.
 
 
 7
 The judgment of the district court is affirmed.
 
 
 
 *
 Honorable John D. Holschuh. United States District Judge for the Southern District of Ohio, sitting by designation